1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone:  (212) 335-4500
    Facsimile:  (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone:  (415) 986-5900
8   Facsimile:  (415) 986-8054
    sgordon@gordonrees.com
9
    MICHAEL C. ZELLERS (SBN: 146904)
10  TUCKER ELLIS & WEST LLP
    515 South Flower Street, Suite 4200
11  Los Angeles, CA 90071-2223
    Telephone:  (213) 430-3400
12  Facsimile:  (213) 430-3409
    michael.zellers@tuckerellis.com
13
    Attorneys for Defendants
14  PFIZER INC., PHARMACIA CORPORATION,
    AND G.D. SEARLE LLC
15
                    UNITED STATES DISTRICT COURT
16
                   NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN FRANCISCO DIVISION
18

19  IN RE BEXTRA AND CELEBREX          )    MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
20  PRODUCTS LIABILITY LITIGATION      )    CASE NO. 3:08-cv-1075-CRB
                                       )
21  This document relates to           )
                                       )    **PFIZER INC., PHARMACIA**
22  DIANNE MONTEIRO, et al.,           )    **CORPORATION, AND G.D.**
                                       )    **SEARLE LLC'S ANSWER TO**
                                       )    **COMPLAINT**
23                  Plaintiffs,        )
                                       )    **JURY DEMAND ENDORSED**
24           vs.                       )    **HEREIN**
                                       )
25  PFIZER, INC., PHARMACIA CORPORATION,)
    and G.D. SEARLE LLC, (FKA G.D. SEARLE &)
26  CO.),                              )
                                       )
27                  Defendants.        )
                                       )
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiffs' Complaint as

2    "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC

3    ("Searle"), (collectively "Defendants") and file this Answer to Plaintiffs' Complaint

4    ("Complaint"), and would respectfully show the Court as follows:

5                                    **I.**

6                      **PRELIMINARY STATEMENT**

7    The Complaint does not state in sufficient detail when Plaintiffs and Decedent were

8    prescribed or used Celebrex® (celecoxib) ("Celebrex®").  Accordingly, this Answer can only

9    be drafted generally.  Defendants may seek leave to amend this Answer when discovery reveals

10   the specific time periods in which Plaintiffs and Decedent were prescribed and used Celebrex®.

11                                   **II.**

12                              **ANSWER**

13   Answering the unnumbered paragraph preceding Paragraph 1 of the Complaint,

14   Defendants admit that Plaintiffs brought this civil action seeking monetary damages, but deny

15   that Plaintiffs are entitled to any relief or damages.  Defendants admit that, during certain

16   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

17   States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

18   accordance with their approval by the FDA.  Defendants admit that, during certain periods of

19   time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

20   marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

21   healthcare providers who are by law authorized to prescribe drugs in accordance with their

22   approval by the FDA.  Defendants state that Celebrex® was and is safe and effective when used

23   in accordance with its FDA-approved prescribing information.  Defendants state that the

24   potential effects of Celebrex® were and are adequately described in its FDA-approved

25   prescribing information, which was at all times adequate and comported with applicable

26   standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

27   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

28   the Complaint.

**Response to Allegations Regarding Parties**

1-55.   Plaintiffs' Complaint omits Paragraphs 1 through 55.

56.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, and citizenship, and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

57.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, and citizenship, and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

58.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, and citizenship, and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

59.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age, and citizenship, and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

60.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Decedent's age, and citizenship, and, therefore, deny the same.   Defendants deny the remaining allegations in this paragraph of the Complaint.

61.   Defendants admit that Pfizer is a Delaware corporation with its principal place of business in New York.   Defendants admit that, as the result of a merger in April 2003, Pharmacia became a subsidiary of Pfizer.   Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous.   Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same.   Defendants admit that, during certain periods of

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    time, Pfizer marketed and co-promoted Celebrex® in the United States, including Hawaii, to be

2    prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

3    with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of

4    the Complaint.

5    62.    Defendants admit that Searle is a Delaware limited liability company with its principal

6    place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

7    as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

8    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

9    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

10   Celebrex® in the United States to be prescribed by healthcare providers who are by law

11   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

12   the remaining allegations in this paragraph of the Complaint.

13   63.    Defendants admit that Pharmacia is a Delaware corporation with its principal place of

14   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

15   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

16   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

17   Celebrex® in the United States, including California and Hawaii, to be prescribed by healthcare

18   providers who are by law authorized to prescribe drugs in accordance with their approval by the

19   FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20   64.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

21   and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

22   are by law authorized to prescribe drugs in accordance with their approval by the FDA.

23   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

24   packaged for Searle, which developed, tested, marketed, co-promoted and distributed

25   Celebrex® in the United States to be prescribed by healthcare providers who are by law

26   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit

27   that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003, Searle

28   and Pharmacia became subsidiaries of Pfizer.  Defendants deny the remaining allegations in this

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    paragraph of the Complaint.

2    65.      Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

3    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

4    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

5    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

6    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

7    Celebrex® in the United States to be prescribed by healthcare providers who are by law

8    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state

9    that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

10   prescribing information.  Defendants state that the potential effects of Celebrex® were and are

11   adequately described in its FDA-approved prescribing information, which was at all times

12   adequate and comported with applicable standards of care and law.  Defendants deny any

13   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14   66.      Defendants state that the allegations in this paragraph of the Complaint regarding

15   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

16   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

17   the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   **<u>Response to Allegations Regarding Jurisdiction and Venue</u>**

19   67.      Defendants are without knowledge or information to form a belief as to the truth of the

20   allegations in this paragraph of the Complaint regarding Plaintiffs' citizenship and the amount

21   in controversy, and, therefore, deny the same.  However, Defendants admit that Plaintiffs claim

22   that the parties are diverse and the amount in controversy exceeds $75,000, exclusive of

23   interests and costs.

24   68.      Defendants are without knowledge or information to form a belief as to the truth of the

25   allegations in this paragraph of the Complaint regarding the judicial district in which the

26   asserted claims allegedly arose and, therefore, deny the same.  Defendants state that Celebrex®

27   was and is safe and effective when used in accordance with its FDA-approved prescribing

28   information.  Defendants deny committing a tort in the States of California, Michigan, New

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   York, North Carolina, and Maryland, and deny the remaining allegations in this paragraph of

2   the Complaint.

3   69.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

4   and co-promoted Celebrex® in the United States, including California and Hawaii, to be

5   prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance

6   with their approval by the FDA.    Defendants admit that, during certain periods of time,

7   Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-

8   promoted and distributed Celebrex® in the United States to be prescribed by healthcare

9   providers who are by law authorized to prescribe drugs in accordance with their approval by the

10  FDA.    Defendants admit that Pfizer, Pharmacia, and Searle are registered to and do business in

11  the States of California, and Hawaii.    Defendants state that the allegations in this paragraph of

12  the Complaint regarding "predecessors in interest" are vague and ambiguous.    Defendants are

13  without knowledge or information sufficient to form a belief as to the truth of such allegations,

14  and, therefore, deny the same.    Defendants deny committing a tort in the States of California,

15  Michigan, New York, North Carolina, and Maryland, and deny the remaining allegations in this

16  paragraph of the Complaint.

17            **Response to Allegations Regarding Interdistrict Assignment**

18  70.    Defendants state that this paragraph of the Complaint contains legal contentions to

19  which no response is required.    To the extent that a response is deemed required, Defendants

20  admit that this case should be transferred to In re: Bextra and Celebrex Marketing, Sales Prac.

21  and Prods. Liab. Litig., MDL-1699, assigned to the Honorable Charles R. Breyer by the Judicial

22  Panel on Multidistrict Litigation on September 6, 2005.

23                        **Response to Factual Allegations**

24  71.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

26  Celebrex®, and, therefore, deny the same.    Defendants deny the remaining allegations in this

27  paragraph of the Complaint.

28  72.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

3    effective when used in accordance with its FDA-approved prescribing information.  Defendants

4    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

5    the remaining allegations in this paragraph of the Complaint.

6    73.    Defendants are without knowledge or information sufficient to form a belief as to the

7    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

8    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

9    effective when used in accordance with its FDA-approved prescribing information.  Defendants

10   state that the potential effects of Celebrex® were and are adequately described in its FDA-

11   approved prescribing information, which was at all times adequate and comported with

12   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

13   Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

14   paragraph of the Complaint.

15   74.    Defendants are without knowledge or information sufficient to form a belief as to the

16   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17   Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

18   paragraph of the Complaint.

19   75.    Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

22   paragraph of the Complaint.  Defendants state that Celebrex® was and is safe and effective

23   when used in accordance with its FDA-approved prescribing information.  Defendants state that

24   the potential effects of Celebrex® were and are adequately described in its FDA-approved

25   prescribing information, which was at all times adequate and comported with applicable

26   standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

27   allegations in this paragraph of the Complaint.

28   76.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2    Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

3    paragraph of the Complaint.

4    77.    Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny

9    the remaining allegations in this paragraph of the Complaint.

10    78.    Defendants are without knowledge or information sufficient to form a belief as to the

11    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

12    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

13    effective when used in accordance with its FDA-approved prescribing information.  Defendants

14    state that the potential effects of Celebrex® were and are adequately described in its FDA-

15    approved prescribing information, which was at all times adequate and comported with

16    applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

17    Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this

18    paragraph of the Complaint.

19    79.    Defendants are without knowledge or information sufficient to form a belief as to the

20    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21    Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

22    paragraph of the Complaint.

23    80.    Defendants are without knowledge or information sufficient to form a belief as to the

24    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

25    Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

26    paragraph of the Complaint.  Defendants state that Celebrex® was and is safe and effective

27    when used in accordance with its FDA-approved prescribing information.  Defendants state that

28    the potential effects of Celebrex® were and are adequately described in its FDA-approved

prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

82.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

83.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

84.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

85.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

86.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

87.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

88.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

89.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

2  paragraph of the Complaint.

3  90.    Defendants are without knowledge or information sufficient to form a belief as to the

4  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5  Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

6  paragraph of the Complaint.  Defendants state that Celebrex® was and is safe and effective

7  when used in accordance with its FDA-approved prescribing information.  Defendants state that

8  the potential effects of Celebrex® were and are adequately described in its FDA-approved

9  prescribing information, which was at all times adequate and comported with applicable

10  standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

11  allegations in this paragraph of the Complaint.

12  91.    Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

14  Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

15  paragraph of the Complaint.

16  92.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

18  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  deny any wrongful conduct, deny that Celebrex® caused Plaintiff or Decedent injury or

21  damage, and deny the remaining allegations in this paragraph of the Complaint.

22  93.    Defendants are without knowledge or information sufficient to form a belief as to the

23  truth of the allegations in this paragraph of the Complaint regarding whether Decedent used

24  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

25  effective when used in accordance with its FDA-approved prescribing information.  Defendants

26  state that the potential effects of Celebrex® were and are adequately described in its FDA-

27  approved prescribing information, which was at all times adequate and comported with

28  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

Celebrex® caused Plaintiff or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

94.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

95.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Decedent used Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

56.[1]    Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required.  Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being  non-steroidal anti-inflammatory drugs ("NSAIDs").  Defendants deny the remaining allegations in this paragraph of the Complaint.

57.    Defendants state that the allegations in this paragraph of the Complaint are not directed towards Defendants and, therefore, no response is required.  To the extent that a response is deemed required, Defendants state that Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

58.    Defendants state that the allegations in this paragraph of the Complaint are not directed

---

[1] Plaintiffs' Complaint begins numbering paragraphs at 56, repeating paragraph numbers 56 through 95.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  towards Defendants and, therefore, no response is required.  To the extent that a response is

2  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

3  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

4  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

5  59.    Defendants state that the allegations in this paragraph of the Complaint are not directed

6  towards Defendants and, therefore, no response is required.  To the extent that a response is

7  deemed required, Defendants state that Plaintiffs fail to provide the proper context for the

8  allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

9  or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

10  60.    Defendants state that the allegations in this paragraph of the Complaint regarding "other

11  pharmaceutical companies" are not directed towards Defendants and, therefore, no response is

12  required.  To the extent a response is deemed required, Defendants state that, as stated in the

13  FDA-approved labeling for Celebrex®, "[t]he mechanism of action of Celebrex is believed to

14  be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2

15  (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the

16  cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiffs fail to provide the proper context for the

17  remaining allegations in this paragraph and Defendants therefore lack sufficient information or

18  knowledge to form a belief as to the truth of the allegations and, therefore, deny the remaining

19  allegations in this paragraph of the Complaint.

20  61.    Defendants state that the allegations in this paragraph of the Complaint regarding

21  "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

22  information sufficient to form a belief as to the truth of such allegations, and, therefore, deny

23  the same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

24  mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

25  primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

26  humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Defendants

27  state that Celebrex® was and is safe and effective when used in accordance with its FDA-

28  approved prescribing information.  Defendants state that the potential effects of Celebrex®

were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

62.    Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g. endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

63.    Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

64.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants deny the remaining allegations in

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    this paragraph of the Complaint.

2    65.    Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants state that Celebrex® was and is safe and effective when used in accordance

5    with its FDA-approved prescribing information.  Defendants deny the remaining allegations in

6    this paragraph of the Complaint.

7    66.    Defendants state that the referenced FDA Update speaks for itself and respectfully refer

8    the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

9    FDA Update is denied.  Defendants state that Celebrex® was and is safe and effective when

10    used in accordance with its FDA-approved prescribing information.  Defendants state that the

11    potential effects of Celebrex® were and are adequately described in its FDA-approved

12    prescribing information, which was at all times adequate and comported with applicable

13    standards of care and law.  Defendants deny the remaining allegations in this paragraph of the

14    Complaint.

15    67.    Defendants state that Celebrex® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information.  Defendants state that the potential effects of

17    Celebrex® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny the remaining allegations in this paragraph of the Complaint.

20    68.    Defendants state that Celebrex® was and is safe and effective when used in accordance

21    with its FDA-approved prescribing information.  Defendants state that the potential effects of

22    Celebrex® were and are adequately described in its FDA-approved prescribing information,

23    which was at all times adequate and comported with applicable standards of care and law.

24    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

25    the Complaint.

26    69.    Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA

27    on June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

28    characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

70.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

71.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

72.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

73.    Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee hearings speak for themselves and respectfully refer the Court to the transcripts for their actual language and text.  Any attempt to characterize the transcripts is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

74.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

75.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

76.    Defendants state that the referenced articles speak for themselves and respectfully refer the Court to the articles for their actual language and text.  Any attempt to characterize the articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

77.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

78.    Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

79.    Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

80.    Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

81.    Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Plaintiffs fail to provide the proper context for the allegations concerning "Public Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

82.    Defendants admit that there was a clinical trial called APC.  Defendants state that the

referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

83. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Plaintiffs fail to provide the proper context for the allegations concerning "Data Safety Monitoring Board" in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

84. Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text. Any attempt to characterize the article is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

85. Defendants state that the referenced Alert for Healthcare Professionals speaks for itself and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language and text. Any attempt to characterize the Alert for Healthcare Professionals is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

86. Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text. Any attempt to characterize the Medical Officer Review is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

87. Defendants admit that there was a clinical trial called PreSAP. Plaintiffs fail to provide the proper context for the allegations concerning "other Celebrex trials" contained in this paragraph of the Complaint. Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same. As for the allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text. Any attempt to characterize the study is denied. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

88.     Defendants state that the referenced article speaks for itself and respectfully refer the Court to the article for its actual language and text.  Any attempt to characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

89.     Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced studies speak for themselves and respectfully refer the Court to the studies for their actual language and text.  Any attempt to characterize the studies is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

90.     Defendants state that the referenced Medical Officer Review speaks for itself and respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

91.     Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for itself and respectfully refer the Court to the study for its actual language and text.  Any attempt to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

92.     Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the Complaint are not directed toward Defendants, and therefore no response is required.  To the extent that a response is deemed required, Plaintiffs fail to provide the proper context for the allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

1    belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

2    referenced study speaks for itself and respectfully refer the Court to the study for its actual

3    language and text.  Any attempt to characterize the study is denied.  Defendants deny the

4    remaining allegations in this paragraph of the Complaint.

5    93.    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

6    Complaint are not directed toward Defendants, and therefore no response is required.  To the

7    extent that a response is deemed required, Plaintiffs fail to provide the proper context for the

8    allegations in this paragraph of the Complaint regarding Merck and Vioxx® in this paragraph

9    of the Complaint.  Defendants therefore lack sufficient information or knowledge to form a

10   belief as to the truth of such allegations and, therefore, deny the same.  Defendants state that the

11   referenced study speaks for itself and respectfully refer the Court to the study for its actual

12   language and text.  Any attempt to characterize the study is denied.  Defendants state that the

13   referenced article speaks for itself and respectfully refer the Court to the article for its actual

14   language and text.  Any attempt to characterize the article is denied.  Defendants deny the

15   remaining allegations in this paragraph of the Complaint.

16   94.    Defendants state that Celebrex® was and is safe and effective when used in accordance

17   with its FDA-approved prescribing information.  Defendants deny the allegations in this

18   paragraph of the Complaint.

19   95.    Defendants state that the referenced article speaks for itself and respectfully refer the

20   Court to the article for its actual language and text.  Any attempt to characterize the article is

21   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

22   96.    Defendants state that allegations in this paragraph of the Complaint are not directed

23   toward Defendants, and therefore no response is required.  To the extent that a response is

24   deemed required, Defendants state that the referenced article speaks for itself and respectfully

25   refer the Court to the article for its actual language and text.  Any attempt to characterize the

26   article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

27   97.    Defendants deny the allegations in this paragraph of the Complaint.

28   98.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

5   remaining allegations contained in this paragraph of the Complaint.

6   99.    Defendants deny any wrongful conduct and deny the allegations contained in this

7   paragraph of the Complaint.

8   100.    Defendants deny any wrongful conduct and deny the allegations contained in this

9   paragraph of the Complaint.

10   101.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants deny any wrongful conduct and deny the remaining allegations contained in this

15   paragraph of the Complaint.

16   102.    Defendants are without knowledge or information sufficient to form a belief as to the

17   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

18   Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

19   and is safe and effective when used in accordance with its FDA-approved prescribing

20   information.  Defendants state that the potential effects of Celebrex® were and are adequately

21   described in its FDA-approved prescribing information, which was at all times adequate and

22   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

23   deny that Celebrex® is unreasonably dangerous, and deny the remaining allegations in this

24   paragraph of the Complaint.

25   103.    Defendants admit that the FDA Division of Drug Marketing, Advertising, and

26   Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

27   November 14, 2000.  Defendants state that the referenced letters speak for themselves and

28   respectfully refer the Court to the letters for their actual language and text.  Any attempt to

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph

2    of the Complaint.

3    104.    Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

4    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

5    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

6    Defendants deny the remaining allegations in this paragraph of the Complaint.

7    105.    Defendants state that the referenced article speaks for itself and respectfully refer the

8    Court to the article for its actual language and text.  Any attempt to characterize the article is

9    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10    106.    Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

11    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to

12    the letter for its actual language and text.  Any attempt to characterize the letter is denied.

13    Defendants deny the remaining allegations in this paragraph of the Complaint.

14    107.    Defendants state that Celebrex® was and is safe and effective when used in accordance

15    with its FDA-approved prescribing information.  Defendants state that the potential effects of

16    Celebrex® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

19    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

20    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

21    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

22    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

23    United States to be prescribed by healthcare providers who are by law authorized to prescribe

24    drugs in accordance with their approval by the FDA.  Defendants deny the remaining

25    allegations in this paragraph of the Complaint.

26    108.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27    with its FDA-approved prescribing information.  Defendants state that the potential effects of

28    Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

3    promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4    law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5    admit that, during certain periods of time, Celebrex® was manufactured and packaged for

6    Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

7    United States to be prescribed by healthcare providers who are by law authorized to prescribe

8    drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a

9    prescription medication which is approved by the FDA for the following indications: (1) for

10   relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

11   rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

12   treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

13   in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

14   surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

15   relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

16   and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this

17   paragraph of the Complaint.

18   109.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19   with its FDA-approved prescribing information.  Defendants state that the potential effects of

20   Celebrex® were and are adequately described in its FDA-approved prescribing information,

21   which at all times was adequate and comported with applicable standards of care and law.

22   Defendants state that Plaintiffs' allegations regarding "predecessors in interest" are vague and

23   ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of

24   such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny

25   that Celebrex® is defective, and deny the allegations in this paragraph of the Complaint.

26   110.    Defendants state that Celebrex® was and is safe and effective when used in accordance

27   with its FDA-approved prescribing information.  Defendants state that the potential effects of

28   Celebrex® were and are adequately described in its FDA-approved prescribing information,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  which was at all times adequate and comported with applicable standards of care and law.

2  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

3  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

4  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

5  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

6  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

7  United States to be prescribed by healthcare providers who are by law authorized to prescribe

8  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

9  allegations in this paragraph of the Complaint.

10  111.    Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which at all times was adequate and comported with applicable standards of care and law.

14  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

15  promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

16  law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17  admit that, during certain periods of time, Celebrex® was manufactured and packaged for

18  Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the

19  United States to be prescribed by healthcare providers who are by law authorized to prescribe

20  drugs in accordance with their approval by the FDA.  Defendants deny the remaining

21  allegations in this paragraph of the Complaint.

22  112.    Defendants state that Celebrex® was and is safe and effective when used in accordance

23  with its FDA-approved prescribing information.  Defendants state that the potential effects of

24  Celebrex® were and are adequately described in its FDA-approved prescribing information,

25  which was at all times adequate and comported with applicable standards of care and law.

26  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

27  the Complaint.

28  113.    Defendants state that Celebrex® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

114.    Defendants deny the allegations in this paragraph of the Complaint.

115.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

116.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

117.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

118.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

1  remaining allegations in this paragraph of the Complaint.

2  119.    Defendants state that Celebrex® was and is safe and effective when used in accordance

3  with its FDA-approved prescribing information.  Defendants state that the potential effects of

4  Celebrex® are and were adequately described in its FDA-approved prescribing information,

5  which was at all times adequate and comported with applicable standards of care and law.

6  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

7  the Complaint.

8  120.    Defendants state that Celebrex® was and is safe and effective when used in accordance

9  with its FDA-approved prescribing information.  Defendants state that the potential effects of

10  Celebrex® are and were adequately described in its FDA-approved prescribing information,

11  which was at all times adequate and comported with applicable standards of care and law.

12  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

13  the Complaint.

14  121.    Defendants deny any wrongful conduct and deny the remaining allegations in this

15  paragraph of the Complaint.

16  122.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

18  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

19  and is safe and effective when used in accordance with its FDA-approved prescribing

20  information.  Defendants state that the potential effects of Celebrex® are and were adequately

21  described in its FDA-approved prescribing information, which was at all times adequate and

22  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

23  and deny the remaining allegations in this paragraph of the Complaint.

24  **<u>Response to First Cause of Action: Negligence</u>**

25  123.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

26  Complaint as if fully set forth herein.

27  124.    Defendants state that this paragraph of the Complaint contains legal contentions to

28  which no response is required.  To the extent that a response is deemed required, Defendants

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

125. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

126. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

127. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-27-

1    information.  Defendants state that the potential effects of Celebrex® were and are adequately

2    described in its FDA-approved prescribing information, which was at all times adequate and

3    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

4    and deny the remaining allegations in this paragraph of the Complaint.

5    128.    Defendants state that Celebrex® was and is safe and effective when used in accordance

6    with its FDA-approved prescribing information.  Defendants state that the potential effects of

7    Celebrex® were and are adequately described in its FDA-approved prescribing information,

8    which was at all times adequate and comported with applicable standards of care and law.

9    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

10   the Complaint.

11   129.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

13   Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

14   and is safe and effective when used in accordance with its FDA-approved prescribing

15   information.  Defendants state that the potential effects of Celebrex® were and are adequately

16   described in its FDA-approved prescribing information, which was at all times adequate and

17   comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

18   deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining

19   allegations in this paragraph of the Complaint.

20   130.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations in this paragraph of the Complaint regarding Plaintiffs' medical

22   conditions and whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.

23   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent

24   injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

25   131.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

26   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

27   Complaint.

28   132.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2   Complaint.

3   <u>**Response to Second Cause of Action: Strict Liability**</u>

4   133.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

5   Complaint as if fully set forth herein.

6   134.    Defendants are without knowledge or information sufficient to form a belief as to the

7   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

8   Decedent used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain

9   periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United

10  States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

11  accordance with their approval by the FDA. Defendants admit that, during certain periods of

12  time, Celebrex® was manufactured and packaged for Searle, which developed, tested,

13  marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by

14  healthcare providers who are by law authorized to prescribe drugs in accordance with their

15  approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to

16  reach users and consumers without substantial change from the time of sale. Defendants deny

17  the remaining allegations in this paragraph of the Complaint.

18  135.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information. Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny the remaining allegations in this paragraph of the Complaint.

23  136.    Defendants state that Celebrex® was and is safe and effective when used in accordance

24  with its FDA-approved prescribing information. Defendants state that the potential effects of

25  Celebrex® were and are adequately described in its FDA-approved prescribing information,

26  which was at all times adequate and comported with applicable standards of care and law.

27  Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the

28  remaining allegations in this paragraph of the Complaint.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

137.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® is defective or unreasonably dangerous and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

139.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

140.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

1   deny that Celebrex® is defective, deny that Celebrex® caused Plaintiffs or Decedent injury or

2   damage, and deny the remaining allegations in this paragraph of the Complaint.

3   141.    Defendants state that Celebrex® was and is safe and effective when used in accordance

4   with its FDA-approved prescribing information.  Defendants state that the potential effects of

5   Celebrex® were and are adequately described in its FDA-approved prescribing information,

6   which was at all times adequate and comported with applicable standards of care and law.

7   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

8   the Complaint.

9   142.    Defendants are without knowledge or information sufficient to form a belief as to the

10  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

11  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

12  and is safe and effective when used in accordance with its FDA-approved prescribing

13  information.  Defendants state that the potential effects of Celebrex® were and are adequately

14  described in its FDA-approved prescribing information, which was at all times adequate and

15  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

16  deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining

17  allegations in this paragraph of the Complaint.

18  143.    Defendants state that Celebrex® was and is safe and effective when used in accordance

19  with its FDA-approved prescribing information.  Defendants state that the potential effects of

20  Celebrex® were and are adequately described in its FDA-approved prescribing information,

21  which was at all times adequate and comported with applicable standards of care and law.

22  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

23  the Complaint.

24  144.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

26  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

27  and is safe and effective when used in accordance with its FDA-approved prescribing

28  information.  Defendants state that the potential effects of Celebrex® were and are adequately

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    described in its FDA-approved prescribing information, which was at all times adequate and

2    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

3    and deny the remaining allegations in this paragraph of the Complaint.

4    145.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

5    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6    Complaint.

7    146.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

8    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

9    Complaint.

10    147.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

11    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

12    Complaint.

13    **Response to Third Cause of Action: Breach of Express Warranty**

14    148.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15    Complaint as if fully set forth herein.

16    149.    Defendants are without knowledge or information sufficient to form a belief as to the

17    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

18    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

19    and is safe and effective when used in accordance with its FDA-approved prescribing

20    information.  Defendants state that the potential effects of Celebrex® were and are adequately

21    described in its FDA-approved prescribing information, which was at all times adequate and

22    comported with applicable standards of care and law.  Defendants admit that they provided

23    FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

24    allegations in this paragraph of the Complaint.

25    150.    Defendants are without knowledge or information sufficient to form a belief as to the

26    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

27    Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

28    and is safe and effective when used in accordance with its FDA-approved prescribing

information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

151.    Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

152.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

153.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

154.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining allegations in this paragraph of the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Complaint.

155.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

156.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

157.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

### Response to Fourth Cause of Action: Breach of Implied Warranty

158.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

159.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants deny the remaining allegations in this paragraph of the Complaint.

160.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit that they provided FDA-approved prescribing information regarding Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

161.    Defendants state that Celebrex® was and is safe and effective when used in accordance

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   with its FDA-approved prescribing information.  Defendants state that the potential effects of

2   Celebrex® were and are adequately described in its FDA-approved prescribing information,

3   which was at all times adequate and comported with applicable standards of care and law.

4   Defendants deny the remaining allegations in this paragraph of the Complaint.

5   162.    Defendants state that this paragraph of the Complaint contains legal contentions to

6   which no response is required.  To the extent that a response is deemed required, Defendants

7   state that Celebrex® was and is safe and effective when used in accordance with its FDA-

8   approved prescribing information.  Defendants state that the potential effects of Celebrex®

9   were and are adequately described in its FDA-approved prescribing information, which was at

10  all times adequate and comported with applicable standards of care and law.  Defendants deny

11  any wrongful conduct, deny that they breached any warranty, and deny the remaining

12  allegations in this paragraph of the Complaint.

13  163.    Defendants are without knowledge or information sufficient to form a belief as to the

14  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

15  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® is a

16  prescription medication which is approved by the FDA for the following indications: (1) for

17  relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of

18  rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the

19  treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps

20  in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic

21  surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for

22  relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age

23  and older.  Defendants deny the remaining allegations in this paragraph of the Complaint.

24  164.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

26  Decedent used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was

27  and is safe and effective when used in accordance with its FDA-approved prescribing

28  information.  Defendants state that the potential effects of Celebrex® were and are adequately

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1  described in its FDA-approved prescribing information, which was at all times adequate and

2  comported with applicable standards of care and law.  Defendants admit that they provided

3  FDA-approved prescribing information regarding Celebrex®.  Defendants deny the remaining

4  allegations in this paragraph of the Complaint.

5  165.    Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

7  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that, in the ordinary

8  case, Celebrex® was expected to reach users and consumers without substantial change from

9  the time of sale.  Defendants deny the remaining allegations in this paragraph of the Complaint.

10  166.    Defendants are without knowledge or information sufficient to form a belief as to the

11  truth of theallegations in this paragraph of the Complaint regarding whether Plaintiffs and

12  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

13  and is safe and effective when used in accordance with its FDA-approved prescribing

14  information.  Defendants state that the potential effects of Celebrex® were and are adequately

15  described in its FDA-approved prescribing information, which was at all times adequate and

16  comported with applicable standards of care and law.  Defendants deny any wrongful conduct,

17  deny that they breached any warranty, and deny the remaining allegations in this paragraph of

18  the Complaint.

19  167.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

20  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

21  Complaint.

22  168.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

23  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

24  Complaint.

25  169.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

26  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

27  Complaint.

28

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

170.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

171.    Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

172.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint, including all subparts.

173.    Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

174.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   information. Defendants state that the potential effects of Celebrex® were and are adequately
2   described in its FDA-approved prescribing information, which was at all times adequate and
3   comported with applicable standards of care and law. Defendants deny any wrongful conduct,
4   deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining
5   allegations in this paragraph of the Complaint.

6   175.    Defendants state that Celebrex® was and is safe and effective when used in accordance
7   with its FDA-approved prescribing information. Defendants state that the potential effects of
8   Celebrex® were and are adequately described in its FDA-approved prescribing information,
9   which was at all times adequate and comported with applicable standards of care and law.
10  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of
11  the Complaint.

12  176.    Defendants are without knowledge or information sufficient to form a belief as to the
13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and
14  Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was
15  and is safe and effective when used in accordance with its FDA-approved prescribing
16  information. Defendants state that the potential effects of Celebrex® were and are adequately
17  described in its FDA-approved prescribing information, which was at all times adequate and
18  comported with applicable standards of care and law. Defendants deny any wrongful conduct
19  and deny the remaining allegations in this paragraph of the Complaint.

20  177.    Defendants are without knowledge or information sufficient to form a belief as to the
21  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and
22  Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was
23  and is safe and effective when used in accordance with its FDA-approved prescribing
24  information. Defendants state that the potential effects of Celebrex® were and are adequately
25  described in its FDA-approved prescribing information, which was at all times adequate and
26  comported with applicable standards of care and law. Defendants deny any wrongful conduct
27  and deny the remaining allegations in this paragraph of the Complaint.

28  178.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

2  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

3  and is safe and effective when used in accordance with its FDA-approved prescribing

4  information.  Defendants state that the potential effects of Celebrex® were and are adequately

5  described in its FDA-approved prescribing information, which was at all times adequate and

6  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

7  and deny the remaining allegations in this paragraph of the Complaint.

8  179.    Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

10  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

11  and is safe and effective when used in accordance with its FDA-approved prescribing

12  information.  Defendants state that the potential effects of Celebrex® were and are adequately

13  described in its FDA-approved prescribing information, which was at all times adequate and

14  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

15  and deny the remaining allegations in this paragraph of the Complaint.

16  180.    Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

18  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

19  and is safe and effective when used in accordance with its FDA-approved prescribing

20  information.  Defendants state that the potential effects of Celebrex® were and are adequately

21  described in its FDA-approved prescribing information, which was at all times adequate and

22  comported with applicable standards of care and law.  Defendants deny any wrongful conduct

23  and deny the remaining allegations in this paragraph of the Complaint.

24  181.    Defendants are without knowledge or information sufficient to form a belief as to the

25  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

26  Decedent used Celebrex® and, therefore, deny the same.  Defendants state that Celebrex® was

27  and is safe and effective when used in accordance with its FDA-approved prescribing

28  information.  Defendants state that the potential effects of Celebrex® were and are adequately

1    described in its FDA-approved prescribing information, which was at all times adequate and

2    comported with applicable standards of care and law.  Defendants deny any wrongful conduct

3    and deny the remaining allegations in this paragraph of the Complaint.

4    182.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

5    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

6    Complaint.

7    183.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

8    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

9    Complaint.

10    184.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

11    Decedent injury or damage, and deny the remaining allegations in this paragraph of the

12    Complaint.

13    **Response to Sixth Cause of Action: Unjust Enrichment**

14    185.    Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

15    Complaint as if fully set forth herein.

16    186.    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed

17    and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who

18    are by law authorized to prescribe drugs in accordance with their approval by the FDA.

19    Defendants admit that, during certain periods of time, Celebrex® was manufactured and

20    packaged for Searle, which developed, tested, marketed, co-promoted and distributed

21    Celebrex® in the United States to be prescribed by healthcare providers who are by law

22    authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

23    the remaining allegations in this paragraph of the Complaint.

24    187.    Defendants are without knowledge or information sufficient to form a belief as to the

25    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and

26    Decedent used Celebrex® and, therefore, deny the same.  Defendants deny the remaining

27    allegations in this paragraph of the Complaint.

28    188.    Defendants are without knowledge or information sufficient to form a belief as to the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

189. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

190. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiffs and Decedent used Celebrex® and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

191. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Seventh Cause of Action:**

**State Consumer Fraud and Deceptive Trade Practices Act**

192. Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

193. Defendants state that this paragraph of the Complaint contains legal contentions to which no response is required. To the extent that a response is deemed required, Defendants

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    admit that they had duties as are imposed by law but deny having breached such duties.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3    194.    Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

5    therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when

6    used in accordance with its FDA-approved prescribing information.  Defendants state that the

7    potential effects of Celebrex® were and are adequately described in its FDA-approved

8    prescribing information, which was at all times adequate and comported with applicable

9    standards of care and law.  Defendants deny any wrongful conduct and deny the remaining

10   allegations in this paragraph of the Complaint.

11   195.    Defendants are without knowledge or information sufficient to form a belief as to the

12   truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

13   therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when

14   used in accordance with its FDA-approved prescribing information.  Defendants state that the

15   potential effects of Celebrex® were and are adequately described in its FDA-approved

16   prescribing information, which was at all times adequate and comported with applicable

17   standards of care and law.  Defendants deny any wrongful conduct, deny that Celebrex® caused

18   Plaintiffs or Decedent injury or damage, and deny the remaining allegations in this paragraph of

19   the Complaint.

20   196.    Defendants are without knowledge or information sufficient to form a belief as to the

21   truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

22   therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

23   Complaint.

24   197.    Defendants are without knowledge or information sufficient to form a belief as to the

25   truth of the allegations regarding whether Plaintiffs and Decedent used Celebrex® and,

26   therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when

27   used in accordance with its FDA-approved prescribing information.  Defendants state that the

28   potential effects of Celebrex® were and are adequately described in its FDA-approved

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1   prescribing information, which was at all times adequate and comported with applicable

2   standards of care and law. Defendants deny any wrongful conduct and deny the remaining

3   allegations in this paragraph of the Complaint.

4   198.   Defendants state that this paragraph of the Complaint contains legal contentions to

5   which no response is required. To the extent that a response is deemed required, Defendants

6   deny any wrongful conduct and deny the remaining allegations in this paragraph of the

7   Complaint.

8   199.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

9   Decedent injury or damage, and deny the remaining allegations in this paragraph of the

10  Complaint.

11  200.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

12  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

13  Complaint.

14  201.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

15  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

16  Complaint.

17  202.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

18  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

19  Complaint.

20  203.   Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

21  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

22  Complaint.

23  **Response to Eighth Cause of Action: Wrongful Death**

24  204.   Defendants incorporate by reference their responses to each paragraph of Plaintiffs'

25  Complaint as if fully set forth herein.

26  205.   Defendants are without knowledge or information sufficient to form a belief as to the

27  truth of the allegations regarding whether Decedent used Celebrex® and, therefore, deny the

28  same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

2  Complaint.

3  206.    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff or

4  Decedent injury or damage, and deny the remaining allegations in this paragraph of the

5  Complaint.

6  **Response to Prayer For Relief**

7  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiffs or

8  Decedent injury or damage, and deny the remaining allegations in paragraph of the Complaint

9  headed "Prayer for Relief," including all subparts.

10  **III.**

11  **GENERAL DENIAL**

12  Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs'

13  Complaint that have not been previously admitted, denied, or explained.

14  **IV.**

15  **AFFIRMATIVE DEFENSES**

16  Defendants reserve the right to rely upon any of the following or additional defenses to

17  claims asserted by Plaintiffs to the extent that such defenses are supported by information

18  developed through discovery or evidence at trial.  Defendants affirmatively show that:

19  **First Defense**

20  1.    The Complaint fails to state a claim upon which relief can be granted.

21  **Second Defense**

22  2.    Celebrex® is a prescription medical product.  The federal government has preempted

23  the field of law applicable to the labeling and warning of prescription medical products.

24  Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

25  federal law.  Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon

26  which relief can be granted; such claims, if allowed, would conflict with applicable federal law

27  and violate the Supremacy Clause of the United States Constitution.

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Third Defense

3.    At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.    At all relevant times, Defendants' warnings and instructions with respect to the use of Celebrex® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.    Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

### Sixth Defense

6.    Plaintiffs' action is barred by the statute of repose.

### Seventh Defense

7.    Plaintiffs' claims against Defendants are barred to the extent Plaintiffs and Decedent were contributorily negligent, actively negligent or otherwise failed to mitigate their damages, and any recovery by Plaintiffs should be diminished accordingly.

### Eighth Defense

8.    The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants are not liable in any way.

### Ninth Defense

9.    The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

### Tenth Defense

10.    Any injuries or expenses incurred by Plaintiffs or Decedentswere not caused by Celebrex®, but were proximately caused, in whole or in part, by an idiosyncratic reaction,

operation of nature, or act of God.

### Eleventh Defense

11.    Defendants affirmatively deny that they violated any duty owed to Plaintiffs or Decedent.

### Twelfth Defense

12.    A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product. Celebrex® is a prescription medical product, available only on the order of a licensed physician. Celebrex® provided an adequate warning to Plaintiffs' and Decedent's treating and prescribing physicians.

### Thirteenth Defense

13.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

### Fourteenth Defense

14.    Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Celebrex® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

### Fifteenth Defense

15.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Celebrex® allegedly ingested by Plaintiffs and Decedent was prepared in accordance with the applicable standard of care.

### Sixteenth Defense

16.    Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Celebrex® after the product left the control of Defendants and any liability of Defendants is therefore barred.

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Seventeenth Defense**

17.     Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Eighteenth Defense**

18.     Plaintiffs' and Decedent's alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Celebrex®.

**Nineteenth Defense**

19.     Plaintiffs and Decedent knew or should have known of any risk associated with Celebrex®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

**Twentieth Defense**

20.     Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

**Twenty-first Defense**

21.     Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

**Twenty-second Defense**

22.     The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

**Twenty-third Defense**

23.     Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

**Twenty-fourth Defense**

24.     Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable

1    federal laws, regulations, and rules.

2                          **Twenty-fifth Defense**

3    25.    Plaintiffs' claims are barred in whole or in part because Defendants provided adequate

4    "direction or warnings" as to the use of the subject pharmaceutical product within the meaning

5    of Comment j to Section 402A of the Restatement (Second) of Torts.

6                          **Twenty-sixth Defense**

7    26.    Plaintiffs' claims are barred or limited to a product liability failure to warn claim

8    because Celebrex® is a prescription pharmaceutical drug and falls within the ambit of

9    Restatement (Second) of Torts § 402A, Comment k.

10                         **Twenty-seventh Defense**

11   27.    Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical

12   product at issue "provides net benefits for a class of patients" within the meaning of Comment f

13   to § 6 of the Restatement (Third) of Torts: Products Liability.

14                         **Twenty-eighth Defense**

15   28.    Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts:

16   Products Liability.

17                          **Twenty-ninth Defense**

18   29.    To the extent that Plaintiffs are seeking punitive damages, Plaintiffs have failed to plead

19   facts sufficient under the law to justify an award of punitive damages.

20                             **Thirtieth Defense**

21   30.    Defendants affirmatively aver that the  imposition of punitive damages in this case

22   would violate Defendants' rights to procedural due process under the Fourteenth Amendment of

23   the United States Constitution and the Constitutions of the States of California, Michigan, New

24   York, North Carolina, and Maryland, and would additionally violate Defendants' rights to

25   substantive due process under the Fourteenth Amendment of the United States Constitution.

26                           **Thirty-first Defense**

27   31.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and

28   Fourteenth Amendments to the United States Constitution.

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1

### Thirty-second Defense

2    32.    The imposition of punitive damages in this case would violate the First Amendment to

3    the United States Constitution.

4    ### Thirty-third Defense

5    33.    Plaintiffs' punitive damage claims are preempted by federal law.

6    ### Thirty-fourth Defense

7    34.    In the event that reliance was placed upon Defendants' nonconformance to an express

8    representation, this action is barred as there was no reliance upon representations, if any, of

9    Defendants.

10    ### Thirty-fifth Defense

11    35.    Plaintiffs and Decedent failed to provide Defendants with timely notice of any alleged

12    nonconformance to any express representation.

13    ### Thirty-sixth Defense

14    36.    To the extent that Plaintiffs' claims are based on a theory providing for liability without

15    proof of causation, the claims violate Defendants' rights under the United States Constitution.

16    ### Thirty-seventh Defense

17    37.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and

18    labeling with respect to the subject pharmaceutical products were not false or misleading and,

19    therefore, constitute protected commercial speech under the applicable provisions of the United

20    States Constitution.

21    ### Thirty-eighth Defense

22    38.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly

23    caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable

24    law or statute or, in the alternative, are unconstitutional insofar as they violate the due process

25    protections afforded by the United States Constitution, the excessive fines clause of the Eighth

26    Amendment of the United States Constitution, the Commerce Clause of the United States

27    Constitution, and the Full Faith and Credit Clause of the United States Constitution, and

28    applicable provisions of the Constitutions of the States of California, Michigan, New York,

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

North Carolina, and Maryland.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3)  permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs or Decedent; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs or Decedent and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

### Thirty-ninth Defense

39.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Celebrex®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Fortieth Defense

40.    The claims asserted in the Complaint are barred because Celebrex® was designed, tested, manufactured and labeled in accordance with the state-of-the-art industry standards existing at the time of the sale.

1

**Forty-first Defense**

2   41.    If Plaintiffs or Decedent have sustained injuries or losses as alleged in the Complaint,

3   upon information and belief, such injuries and losses were caused by the actions of persons not

4   having real or apparent authority to take said actions on behalf of Defendants and over whom

5   Defendants had no control and for whom Defendants may not be held accountable.

6

**Forty-second Defense**

7   42.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

8   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

9   intended, and was distributed with adequate and sufficient warnings.

10

**Forty-third Defense**

11   43.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,

12   waiver, and/or estoppel.

13

**Forty-fourth Defense**

14   44.    Plaintiffs' claims are barred because Plaintiffs' and Decedent's injuries, if any, were the

15   result of the pre-existing and/or unrelated medical, genetic and/or environmental conditions,

16   diseases or illnesses, subsequent medical conditions or natural courses of conditions of

17   Plaintiffs and Decedent, and were independent of or far removed from Defendants' conduct.

18

**Forty-fifth Defense**

19   45.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

20   did not proximately cause injuries or damages to Plaintiffs and Decedent.

21

**Forty-sixth Defense**

22   46.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs

23   and Decedent did not incur any ascertainable loss as a result of Defendants' conduct.

24

**Forty-seventh Defense**

25   47.    The claims asserted in the Complaint are barred, in whole or in part, because the

26   manufacturing, labeling, packaging, and any advertising of the product complied with the

27   applicable codes, standards and regulations established, adopted, promulgated or approved by

28   any applicable regulatory body, including but not limited to the United States, any state, and

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  any agency thereof.

2  **Forty-eighth Defense**

3  48.    The claims must be dismissed because Plaintiffs and Decedent would have taken

4  Celebrex® even if the product labeling contained the information that Plaintiffs contend should

5  have been provided.

6  **Forty-ninth Defense**

7  49.    The claims asserted in the Complaint are barred because the utility of Celebrex®

8  outweighed its risks.

9  **Fiftieth Defense**

10  50.    Plaintiffs' damages, if any, are barred or limited by the payments received from

11  collateral sources.

12  **Fifty-first Defense**

13  51.    Defendants' liability, if any, can only be determined after the percentages of

14  responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if

15  any, are determined.   Defendants seek an adjudication of the percentage of fault of the

16  claimants and each and every other person whose fault could have contributed to the alleged

17  injuries and damages, if any, of Plaintiffs and Decedent.

18  **Fifty-second Defense**

19  52.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the

20  common law gives deference to discretionary actions by the United States Food and Drug

21  Administration under the Federal Food, Drug, and Cosmetic Act.

22  **Fifty-third Defense**

23  53.    The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

24  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

25  ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiffs'

26  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

27  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations,

28  and with the specific determinations by FDA specifying the language that should be used in the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

labeling accompanying Celebrex®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

### Fifty-fourth Defense

54.    Plaintiffs' misrepresentation allegations are not stated with the degree of particularity required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

### Fifty-fifth Defense

55.    Defendants state on information and belief that the Complaint and each purported cause of action contained therein is barred by the statutes of limitations contained in California Code of Civil Procedure §§ 335.1 and 338 and former § 340(3), and such other statutes of limitation as may apply.

### Fifty-sixth Defense

56.    Defendants state on information and belief that any injuries, losses, or damages suffered by Plaintiffs and Decedent were proximately caused, in whole or in part, by the negligence or other actionable conduct of persons or entities other than Defendants.    Therefore, Plaintiffs' recovery against Defendants, if any, should be reduced pursuant to California Civil Code § 1431.2.

### Fifty-seventh Defense

57.    To the extent that Plaintiffs seek punitive damages for an alleged act or omission of Defendants, no act or omission was oppressive, fraudulent, or malicious under California Civil Code § 3294, and, therefore, any award of punitive damages is barred.    Any claim for punitive damages is also barred under California Civil Code § 3294(b).

### Fifty-eighth Defense

58.    Plaintiffs' claims for punitive damages are barred, in whole or in part, by Virginia Code § 8.01-38.1.

### Fifty-ninth Defense

59.    The product in question was approved as safe and effective by the FDA and the labeling for said product was in compliance with FDA's approval at the time the products left the

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    control of one or more Defendants and hence, Plaintiffs' claims are barred by MCL

2    600.2946(5).

3                               **Sixtieth Defense**

4    60.    Plaintiffs' claim for non-economic damages is capped pursuant to MCL 600.2946a.

5                              **Sixty-first Defense**

6    61.    To the extent Plaintiffs prove that the products in question caused or contributed to any

7    injury Plaintiffs or Decedent may have suffered, which is denied by these Defendants, these

8    Defendants should not be liable to warn as Plaintiffs cannot prove that the scientific, technical

9    or medical information that was reasonably available at the time was known or should have

10   been known by the Defendants. MCL 600.2948.

11                            **Sixty-second Defense**

12   62.    Defendants assert all of the protections and defenses afforded them, and Plaintiffs'

13   claims of liability or damages are limited pursuant to the Michigan Products Liability Act

14   including specifically, but not limited to MCL 600.2946 through MCL 600.6306, including

15   MCL 600.2946, MCL 600.2946(a), MCL 600.2947, MCL 600.2948, MCL 600.2956, MCL

16   600.2957 and MCL 600.2959.

17                             **Sixty-third Defense**

18   63.    The product alleged to have caused damages may not have been used in the manner and

19   for the purposes intended.  Such improper use and/or abuse of the product for an unforeseeable

20   purpose and in an unforeseeable manner may have proximately caused or contributed to the

21   alleged injuries, if any, and therefore there is no recovery available against Defendants pursuant

22   to MCL 600.2947.

23                             **Sixty-fourth Defense**

24   64.    Plaintiffs' claim for non-economic damages is barred for the reason that Plaintiffs' and

25   Decedent's percentage of comparative fault is greater than the aggregate fault of the Defendants

26   and non-parties hereto, pursuant to MCL 600.2959 and MCL 600.6306; but that to the extent

27   allowable, must be reduced in total or part pursuant to 600.2946(a).

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Sixty-fifth Defense**

65.    The claims set forth in Plaintiffs' Complaint are barred in that the product in question was provided to a sophisticated user. In this case, the "user" would include any prescribing physician.

**Sixty-sixth Defense**

66.    Plaintiffs and Decedent failed to make every reasonable effort to mitigate, prevent and/or reduce their alleged damages, injuries, and monetary losses.

**Sixty-seventh Defense**

67.    Plaintiffs' claims, part of Plaintiffs' claims, or evidence relating to Plaintiffs' claims may be barred in whole or in part due to possible spoliation of evidence by Plaintiffs or Decedent, or those within Plaintiffs' or Decedent's control or with full knowledge of Plaintiffs or Decedent.

**Sixty-eighth Defense**

68.    Any claims for punitive damages are barred in that they are not allowable under Michigan law. To the extent that they are allowed contrary to Michigan law, such claims further violate Defendants' constitutional rights under the following clauses of the United States Constitution, as well as any similar provisions under the Michigan Constitution: Commerce Clause, Contracts Clause, Supremacy Clause, Due Process, Takings Clause, Excessive Fines and Equal Protection.

**Sixty-ninth Defense**

69.    Upon information and belief, Plaintiffs' claims may be barred by the provisions of N.C. Gen. Stat. § 99B-4(1) in that the use of the product may have been contrary to express and adequate instructions or warnings provided to Plaintiffs and Decedent by their physician(s).

**Seventieth Defense**

70.    Upon information and belief, Plaintiffs and Decedent continued to use Bextra® after learning of its alleged defects.  Accordingly, Plaintiffs' claims are barred by North Carolina common law and N.C. Gen. Stat. § 99B-4(2).

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

### Seventy-first Defense

71.    If it is discovered that Plaintiffs or Decedent failed to exercise reasonable care under the circumstances in the use of Bextra®, and Plaintiffs' or Decedent's failure was a proximate cause of Plaintiffs' or Decedent's alleged injuries, then the provisions of N.C. Gen. Stat. § 99B-4(3) are pled as a complete bar to Plaintiffs' right to recover against Defendants.

### Seventy-second Defense

72.    Plaintiffs' claims are barred by N.C. Gen. Stat. § 99B-5(c), which expressly limits Defendants' responsibility to provide product warnings directly to consumers of prescription drugs.

### Seventy-third Defense

73.    Plaintiffs' product liability claims are barred by the defenses recognized by N.C. Gen. Stat. § 99B-6, and all of its subparts.

### Seventy-fourth Defense

74.    To the extent not separately stated, Defendants plead as an affirmative defense all the applicable defenses provided in N.C. Gen. Stat. Ch. 99B.

### Seventy-fifth Defense

75.    Defendants reserve the right to supplement their assertion of defenses as they continue with their factual investigation of Plaintiffs' claims.

### V.

### PRAYER

WHEREFORE, Defendants pray for judgment as follows:

1.    That Plaintiffs take nothing from Defendants by reason of the Complaint;

2.    That the Complaint be dismissed;

3.    That Defendants be awarded their costs for this lawsuit;

4.    That the trier of fact determine what percentage of the combined fault or other liability of all persons whose fault or other liability proximately caused Plaintiffs' and Decedent's alleged injuries, losses or damages is attributable to each person;

5.    That any judgment for damages against Defendants in favor of Plaintiffs be no greater

1    than an amount which equals their proportionate share, if any, of the total fault or other

2    liability which proximately caused Plaintiffs' and Decedent's injuries and damages; and

3    6.    That Defendants have such other and further relief as the Court deems appropriate.

4

5    March 26, 2008                                    GORDON & REES LLP

6

7    By: : _____/s/_____
         Stuart M. Gordon
8        sgordon@gordonrees.com
         Embarcadero Center West
9        275 Battery Street, 20th Floor
         San Francisco, CA 94111
10       Telephone:  (415) 986-5900
         Fax:  (415) 986-8054

11

12   March 26, 2008                                    TUCKER ELLIS & WEST LLP

13

14   By: : _____/s/_____
         Michael C. Zellers
15       michael.zellers@tuckerellis.com
         515 South Flower Street, Suite 4200
16       Los Angeles, CA 90071
         Telephone:  (213) 430-3400
17       Fax:  (213) 430-3409

18       Attorneys for Defendants
         PFIZER INC, PHARMACIA
19       CORPORATION, and G.D. SEARLE
         LLC

20

21

22

23

24

25

26

27

28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

## JURY DEMAND

2    Defendants Pfizer Inc., Pharmacia Corporation, and G.D. Searle LLC hereby demand a

3 trial by jury of all the facts and issues in this case pursuant to 38(b) of the Federal Rules of Civil

4 Procedure.

5 March 26, 2008                          GORDON & REES LLP

6

7                                         By: :_____/s/_____
                                          Stuart M. Gordon
8                                         sgordon@gordonrees.com
                                          Embarcadero Center West
9                                         275 Battery Street, 20th Floor
                                          San Francisco, CA  94111
10                                        Telephone:  (415) 986-5900
                                          Fax:  (415) 986-8054
11

12 March 26, 2008                         TUCKER ELLIS & WEST LLP

13

14                                        By: :_____/s/_____
                                          Michael C. Zellers
15                                        michael.zellers@tuckerellis.com
                                          515 South Flower Street, Suite 4200
16                                        Los Angeles, CA 90071
                                          Telephone:  (213) 430-3400
17                                        Fax:  (213) 430-3409

18                                        Attorneys for Defendants
                                          PFIZER INC, PHARMACIA
19                                        CORPORATION, and G.D. SEARLE
                                          LLC
20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**